UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guangdong Aoyun Technology Co. Ltd., *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, *Defendants*. | CASE NO. 1:24-cv-12808 Honorable Judge Matthew F. Kennelly |

**REVISED PRELIMINARY INJUNCTION ORDER**

Plaintiff Guangdong Aoyun Technology Co. Ltd. filed a Motion for Entry of a Preliminary Injunction [ECF 20] (the "Motion") against Defendants identified in Schedule "A" [ECF 4] to the Complaint and attached hereto (collectively, "Defendants"). After reviewing the Motion and the accompanying records, this Court **GRANTS** Plaintiff's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and/or funds from U.S. bank accounts, and have sold the infringing products shown in the Infringing Evidence [ECF 5], that infringe Plaintiff's patented invention, U.S. Patent No. 12,115,099 (the "Infringing Products") to residents of Illinois.

1

In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that infringe Plaintiff's Patents, [ECF 5-1, 5-2], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois that infringe Plaintiff's Patents. Additionally, the infringing nature of the Infringing Products is clearly demonstrated in the Plaintiff's Infringement Analysis [ECF 5-3].

This Court also finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of patent infringement because (1) Plaintiff is the lawful owner of all right, title and interest in and to the '099 patent, (2) Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the invention claimed in the '099 patent. Furthermore, Defendants' continued and unauthorized use of the '099 patent irreparably harms Plaintiff through loss of customers' goodwill, reputational harm, and Plaintiff's ability to exploit the '099 patent. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court **ORDERS** that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting for, with, by, through, under or in active concert with them, be preliminarily enjoined and restrained from:

    a. offering for sale, selling, and importing the Infringing Products;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in offering for sale, selling, and importing the Infringing Products; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Walmart Inc. ("Walmart"), Etsy, Inc. ("Etsy"), WhaleCo Inc. ("Temu") and DHgate.com Inc. ("DHgate") (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, and attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying

    information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

  c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, and attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com, DHgate, Walmart, Etsy, Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products.

4. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to Defendants.

5. Schedule A to the Complaint [ECF 4], Infringing Evidence [ECF 5], and the TRO [18] are unsealed.

6. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and

Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

7. The eleven thousand dollars ($10,000) bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE
Date: April 14, 2025

Copies furnished to counsel of record via CM/ECF

[Schedule A on following page]

**Schedule A Defendants**

| # | Seller Aliases | Defendants' Stroe URLs | Infringing Product IDs |
|---|---|---|---|
| | **Amazon** | **Amazon Store URLs** | **ASINs** |
| 1 | Tikaton | https://www.amazon.com/sp?seller=ATYQ1RY5T9UEB | B0CF98NJ9G |
| 2 | RENXIN-INC | https://www.amazon.com/sp?seller=A3EMBPAZ43JRP7 | B0D7VQHLRD |
| 3 | Warm Embrace of Fandliss Store | https://www.amazon.com/sp?seller=A14E6CL6J3S0NY | B0DBLW8JGZ |
| 4 | haitang us | https://www.amazon.com/sp?seller=A3C3T94DR4G0L7 | B0CDKQ9R2C B0CG1LJX4D |
| 5 | KareCel Center Inc. | https://www.amazon.com/sp?seller=A3FU25ARHYRWH6 | B0CGS2D27D |
| 6 | CeslaviaUS | https://www.amazon.com/sp?seller=A1774Z10UPEB1Z | B0DC2SHHCL |
| 7 | Runco | https://www.amazon.com/sp?seller=AVOYSQCWXRPX8 | B0CG8HSL46 |
| | **Walmart** | **Walmart Store URLs** | **Walmart IDs** |
| 8 | TY-US Co. Ltd | https://www.walmart.com/seller/101197375 | 5038055298 |